IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2006 MAY -8  P 1:49
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| MID-AMERICA PIPELINE COMPANY, LLC, a Delaware limited liability company, and WILLIAMS FIELD SERVICES COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico corporation and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Defendants. | **ORDER**<br><br>Case No.: 2:05-CV-153<br>Judge Dee Benson |

Defendant Mountain States Mutual Casualty Company (Mountain States) moves for summary judgment on Plaintiff Williams Field Services Company's (WFS) claim that Mountain States is obligated to provide WFS a defense in underlying state litigation. Having considered the parties' arguments and the relevant law, the Court GRANTS Defendant's motion.

*I.*

In September 1998, WFS signed a pipeline construction agreement with Four-Four, Inc. for the construction of a segment of a 427-mile natural gas pipeline running through New Mexico, Utah, and Colorado. Four-Four purchased a commercial general liability policy from Mountain States. Soon after construction began, one of Four-Four's employees ruptured an existing natural gas line in Moab Canyon that ran parallel to the one on which Four-Four was

working. While the town of Moab survived the resulting explosion,[1] portions of the pipeline infrastructure, a number of vehicles, and part of U.S. Highway 91 were less fortunate. Repairs occasioned delays, as did increased scrutiny from a number of now highly interested regulatory bodies. Disputes over the costs attendant upon delays and altered construction standards eventually crystallized in a suit brought by subcontractors in state court against both WFS and Four-Four for money due under several subcontracts. WFS and Four-Four cross-claimed against each other, and while the subcontractors were eventually paid and that suit dismissed, the dispute between WFS and Four-Four continues unabated. In the ongoing state litigation, WFS and Four-Four blame each other for damage to WFS's pipeline, and Four-Four seeks amounts due under the contract and costs associated with the delay, including the loss of prospective business. Mountain States provided a defense to Four-Four in the state litigation but not to WFS, which is listed as an additional insured under the policy. WFS reacted to this perceived injustice by bringing a declaratory action in state court, which Defendant removed to this Court.

*II.*

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court considers the factual record and all reasonable inferences that may be drawn from it in the light most favorable to the party opposing summary judgment. *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005).

An insurer is obliged to defend an insured if the allegations in a complaint could trigger liability under the policy. *See Nova Casualty Co. v. Able Construction, Inc.*, 983 P.2d 575, 578

---

[1] "Fortunately, the cloud of natural gas exploded into a gigantic fireball before it engulfed the visitors' center and town." Pl. Memo. in Opposition to Mot. for Summary Judgment at 13–14.

2

(Utah 1999). In order to determine whether an insurer must defend an insured, a court ordinarily compares the allegations in the complaint to the provisions of the policy. The duty to defend is generally broader than the duty to indemnify, so if there is no duty to defend, there can be no duty to indemnify. *See Sharon Steel Corp. v. Aetna Casualty and Surety Co.*, 931 P.2d 127, (Utah 1997).

The policy at issue here provides that the insurer "will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' to which this insurance applies." Commercial General Liability Coverage Form, I.1(a). Not all property damage falls within the scope of the policy. The insurance does not apply, for example, to a number of excluded varieties of property damage, including damage caused by faulty workmanship to the very property on which an insured is working; the policy excludes property damage to any property "that must be restored, repaired or replaced because 'your work'[2] was incorrectly performed on it." *Id.*, I.2.j(7)(b). The insurance also does not apply to costs associated with damage to one's own work; another provision excludes "[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of . . . 'your work.'" *Id.*, I.2.n(2). Moreover, only property damage caused by an occurrence—or accident—is covered. *Id.*, I.1.b(1).

Four-Four's counterclaim alleges that the explosion caused property damage which in turn created costs associated with delay, heightened construction standards, and lost business opportunities. According to WFS, Four-Four has alleged covered losses because its losses were

---

[2]"Your work" is "work or operations performed by you or on your behalf." V.16.a..

3

caused by property damage to the pipeline. This argument is undercut by the fact that Four-Four's counterclaim does not mention the explosion or any resulting property damage as the cause of its losses, and therefore does not allege any covered property damage. WFS counters this difficulty by asserting that Mountain States, in determining whether to provide a defense to WFS, was obliged to consider not only the allegations in the complaint, but any facts of which it was aware. Because Mountain States was well aware that Four-Four's complaints of economic loss were rooted in an explosion, which WFS argues was an occurrence under the policy, and that the explosion caused property damage, WFS maintains that Mountain States was obliged to provide WFS a defense.

Plaintiff's position presents two difficulties, each insurmountable. To begin with, this Court cannot, consistent with Utah law, consider what Mountain States knew in determining whether it is obligated to provide coverage. In *Fire Insurance Exchange v. Therkelsen*, 27 P.3d 555 (Utah 2001), the Utah Supreme Court identified two categories of insurance provisions creating a duty to defend. If an insurance contract requires an insurer to defend an insured against a suit "alleging liability within the coverage afforded by the policy," an insurer—or Court—compares the allegations in the complaint to the policy to determine whether the insurer must defend. *Id.* at 561. If an insurance contract provides that an insurer will defend a "covered suit," then the insurer or Court must examine extrinsic evidence to determine if a particular suit is covered. *Id.* In the first case, extrinsic evidence is irrelevant and "it would be error for the trial court to consider [it]." *Id.* The contract here at issue requires Mountain States to "defend any suit seeking those damages to which this insurance applies." I.1.a. The scope of the contractual duty to defend here is determined with reference to what a suit seeks; Mountain States must defend a suit that alleges liability within the policy's coverage. This is, in other

4

words, one of the more common species of contract which makes the duty to defend dependent on what a plaintiff has alleged, rather than on a predetermination that a suit is covered by the insurance. Extrinsic evidence is therefore irrelevant to determining the scope of the duty to defend and the Court may not consider evidence of what Mountain States knew when it denied coverage.[3]

But even if the Court were to consider evidence that Mountain States knew that Four-Four's claims were traceable to the explosion, Mountain States would still have no duty to defend. It is no doubt true, as Mountain States maintains, that the explosion caused delays which in turn caused the financial losses of which Four-Four now complains in the state litigation. But not all losses related to a construction project are covered by commercial general liability policies like the one at issue here. WFS argues that the losses in Four-Four's counterclaim are covered losses because they were "sums that the insured [became] legally obligated to pay as damages because of . . . 'property damage'" caused by the explosion. This language from the policy, which WFS quotes in its briefs, is incomplete, however. The policy provides coverage only for "those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' *to which this insurance applies*." I.1.a. (emphasis added). The first question to be asked is not, as WFS would have it, whether losses were suffered because of property damage, but rather whether a complaint alleges property damage to which the insurance applies.

It does not. WFS argues that Four-Four's counterclaims attempt to assign responsibility to WFS for the damage to WFS's pipeline. But the policy specifically excludes coverage for

---

[3]This conclusion requires the denial of Plaintiff's request for additional discovery relating to Defendant's knowledge of the explosion. Utah law precludes the Court from considering evidence tending to show Mountain States was aware of the explosion. And, as discussed below, Defendant would be entitled to summary judgment even if such evidence were taken into account.

5

damage to an insured's own work. There is, for example, no coverage when property must be replaced or repaired because it was the product of faulty workmansip, I.2.j(7)(b), and there is no coverage for losses incurred for the loss of use, repair, replacement, or adjustment of an insured's faulty work, I.2.n(2). If Four-Four is correct and WFS is responsible for the destruction of its own pipeline, then the policy will not cover WFS for damaging its own work. And if the policy does not apply to the property damage that caused the losses, then the policy does not cover the losses either.

### III.

Mountain States is not obliged to provide WFS with a defense against Four-Four's counterclaims, since those claims do not allege property damage to which the policy applies. Defendant's motion for summary judgment is accordingly GRANTED. Plaintiff's request for additional discovery is also DENIED.

DATED this 8th day of May, 2006.

Dee Benson
United States District Judge